IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| SIDNEY GOLDMAN | ) | No. 18 B 06635 |
| | ) | |
| | ) | JUDGE LaSHONDA A. HUNT |
| Debtor) | | |

## NOTICE OF MOTION

TO: Marilyn O. Marshall, Chapter 13 Trustee, 224 S. Michigan Ave., Suite 800, Chicago, IL 60604, courtdocs@chi13.com

David M. Siegel & Associates, *Attorney for debtor Sidney Goldman*, 790 Chaddick Drive, Wheeling, Illinois 60090, davidsiegelbk@gmail.com

Sidney Goldman, 829 Greenwood Ave., Glencoe, IL 60022

**PLEASE TAKE NOTICE** that on April 9, 2018 at 9:30 a.m., or as soon thereafter as may be heard, I shall appear before the Honorable Judge Hunt, or any judge sitting in her stead in Courtroom 719 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois and shall then and there present and request a hearing *instanter* as to **NORTHBROOK BANK & TRUST COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY,** a copy of which is attached hereto and served upon you.

Respectfully Submitted,
Northbrook Bank & Trust Company

By: /s/ Jennifer E. Walker

Jennifer E. Walker
PLUNKETT COONEY
221 N. LaSalle Street
Suite 1550
Chicago, Illinois 60601
(312) 670-6900
jwalker@plunkettcooney.com

1

## CERTIFICATE OF SERVICE

I, Jennifer E. Walker, an attorney on oath state that I served this Notice and attached Motion, by mailing a copy to Debtor Sidney Goldman at 829 Greenwood Ave, Glencoe, IL 60022 and depositing same in the U.S. Mail at 221 North LaSalle Street, Chicago, Illinois before 5:00 p.m., on March 29, 2018, with proper postage prepaid, and to those parties listed above, via electronic notice using the CM/ECF system.

By: /s/ Jennifer E. Walker
One of Northbrook Bank &
Trust Company's Attorneys

Jennifer E. Walker
PLUNKETT COONEY
221 North LaSalle Street
Suite 1550
Chicago, Illinois 60601
(312) 670-6900
jwalker@plunkettcooney.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| SIDNEY GOLDMAN | ) | No. 18 B 06635 |
| | ) | |
| | ) | JUDGE LaSHONDA A. HUNT |
| Debtor) | | |

## NORTHBROOK BANK AND TRUST COMPANY'S
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NOW COMES Northbrook Bank and Trust Company ("Northbrook"), by and through its Attorneys, PLUNKETT COONEY, and, pursuant to 11 U.S.C. §362(d), and for its motion for relief from the automatic stay imposed under 11 U.S.C. § 362(a) with respect to Debtor Sidney Goldman (hereinafter "Goldman" or "Debtor"), Northbrook states as follows:

1. Jurisdiction of this matter lies in this Court pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b)(2)(G), as the instant motion is one seeking to modify the automatic stay imposed under 11 U.S.C. §362(d).

2. Sidney Goldman ("Debtor" or "Goldman") is a beneficiary of the Trust Agreement March 22, 1991 & known as Trust Number 29789 (the "Trust").

3. On or about April 15, 2010, Park National Bank, as successor Trustee to the Cosmopolitan National Bank of Chicago, as trustee under the Trust, executed a Mortgage recorded against the property commonly known as 829 Greenwood, Glencoe, Illinois (the "Property") to Northbrook, as successor to Lincoln Park Savings Bank to secure a $359,000.00 Note executed by the Trust, Goldman, and others that same day. True and accurate copies of this Mortgage and Promissory Note are attached as **Exhibits A and B**, respectively.

1

4. Upon information and belief, the Property consists of the Debtor's residence, a single family home.

5. The Mortgage is in default due to Debtor's failure to maintain the monthly installment payments for December 1, 2014 and thereafter.

6. On or about May 4, 2015, Northbrook filed, in the Circuit Court of Cook County, its Complaint to Foreclose Mortgage, Case No. 15 CH 07315, against the Debtors' residence as the Debtor failed to make the monthly principal and interest payment for the month of December 2014 and thereafter.

7. On or about September 8, 2016, Summary Judgment and Judgment of Foreclosure and Sale were entered in favor of Northbrook and against Goldman in the amount of $400,302.05, with a redemption period expiring December 8, 2016.

8. On the eve of the scheduled judicial sale, December 8, 2016, the Debtor's spouse, Paul Goldman filed for Chapter 13 bankruptcy relief in Case No. 16 B 38702.

9. On or about June 7, 2017, Case No. 16 B 38702 was dismissed for unreasonable delay.

10. Northbrook rescheduled a judicial sale for July 17, 2017.

11. Again, on the eve of the judicial sale, July 14, 2017, the Debtor's spouse, Paul Goldman filed a second Chapter 13 bankruptcy as Case No. 17 B 20983.

12. Northbrook moved to modify the stay, which was granted on January 4, 2018, but stayed two weeks until January 18, 2018.

13. Northbrook rescheduled the judicial sale for March 9, 2018.

14. On the eve of the judicial sale, Northbrook received notice of the instant bankruptcy filing and once again was forced to postpone the sale.

Document      Page 5 of 6

15. Although Debtor was not a party to either of these prior bankruptcy proceedings, there is no doubt Debtor was aware of same and is frustrating Plaintiff's right to proceed with the judicial sale of the Property.

16. Northbrook holds a first Mortgage lien secured against the Property with a balance owed of $477,752.56 as of March 8, 2018. *See* Claim No. 1.

17. Northbrook is the only secured creditor named in the bankruptcy with regard to the Property.

18. According to Debtor's Plan, which Plan has yet to be confirmed by this Court, Debtor is to make current monthly payments, increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters, directly to Northbrook. *See* Doc. 2 at Section 3.1.

19. Debtor states the current installment payment – including escrow – as $1,429.00; the current monthly installment payment with escrow is actually $3,507.31. *See* Claim No. 1.

20. Debtor further proposes that a monthly payment of $1,160.71 will be paid on the arrearage. *See* Doc. 2 at Section 3.1.

21. According to Debtor's plan, arrears in the amount of only $65,000.00 are to be made. *See* Doc. 2 at Section 3.1.

22. As of March 8, 2018, the amount necessary to cure the default on the Northbrook loan was $170,887.51. *See* Claim No. 1.

23. Thus, Northbrook is not adequately protected.

24. Further, the Property is owned by the Trust, and Debtor's beneficial portion of the Trust does not cover the full value of the Property.

25. According to Debtor's Schedule A the Property is worth $659,000.00, but Debtor only has a beneficial interest in the Property in the amount of $329,500.00. A true and accurate copy of the Debtor's Schedule A is attached as **Exhibit C**.

26. Based on the Debtor's bankruptcy schedule A, there is no equity in Debtor's interest in the Property and it is not necessary for an effective reorganization.

27. This Court has authority to order that Rule 4001(a)(3) is not applicable to any order entered granting this motion, and Northbrook requests such an order from this Court with regard to this motion.

WHEREFORE, Northbrook Bank & Trust Company respectfully requests this Honorable Court to modify the automatic stay pursuant to Section 362(d) of the U.S. Bankruptcy Code, in order for it, its successor and/or assigns to resume with its mortgage foreclosure litigation, Case No. 15 CH 07315, as to the property commonly known as 829 Greenwood Avenue, Glencoe, Illinois 60022; for a waiver of U.S. Bankruptcy Rule 4001(a)(3) so that it can immediately implement and enforce this order; and for such other relief as this court deems equitable.

                                      Respectfully Submitted,
                                      Northbrook Bank & Trust Company

                                      By: /s/ Jennifer E. Walker

Jennifer E. Walker
PLUNKETT COONEY
221 N. LaSalle Street
Suite 1550
Chicago, Illinois 60601
(312) 670-6900

Open.26638.73914.20102536-1

4